Wilkins, Douglas H., J.
On January 6, 2015, the defendant filed Defendant’s Motion to Dismiss (Rule 36 Speedy Trial Violation) (“Motion”), which the Commonwealth opposed. The court heard oral argument on January 9, 2015 and received one exhibit into evidence. For the reasons stated below, the Motion to Dismiss is ALLOWED.
BACKGROUND
On September 26, 2006, the defendant Marcelino Santiago-Celeste (“Defendant”) was arraigned on two indictments for Trafficking in more than 100 grams of Cocaine (G.L.c. 94C, §32E(b)(3)) and Conspiracy to Traffick in Cocaine (G.L.c. 94C, §40). On September 29, 2008, a jury found him guilty on the Trafficking count. On October 10, 2008, he was sentenced to imprisonment in state prison for ten years to ten years and a day, with the conspiracy count filed without a change of plea, without objection.
After sentencing, the United States Supreme Court decided Melendez-Diaz v. Massachusetts, 129 S.Ct. 2527 (2009) (admission of a written drug certificate without testimony of the analyst violates a defendant’s rights under the Confrontation Clause of the United States Constitution). On November 18, 2010, the Appeals Court affirmed Mr. Santiago-Celeste’s conviction. Commonwealth v. Santiago-Celeste, 78 Mass.App.Ct. 1109 (2010) (Rule 1:28 decision). The Supreme Judicial Court denied his application for further review. Commonwealth v. Santiago-Celeste, 459 Mass. 1102 (2011).
On September 30, 2011, the Defendant filed a motion for a new trial on the ground that the failure of counsel to challenge admissibility of the drug certificate admitted at trial amounted to ineffective assistance of counsel. On June 22, 2012, the Court allowed the new trial motion. That order became final on July 21,2012, when the 30-day appeals period ran without an appeal by the Commonwealth.
On September 21,2012, the parties appeared in court for appointment of counsel and setting of hail. The court appointed the Defendant’s present counsel and set bail at $25,000. No further docket entries appear until November 2014. The clerk’s notes from the September 21, 2012 hearing reflect an October 22, 2012 date for trial assignment. That event does not appear anywhere on the docket. No party appeared on October 22 or at any other time prior to November 19, 2014.
The Court scheduled a status review for November 12, 2014, which was rescheduled to November 19, 2014 at the defendant’s request. The parties appeared on November 19, 2014, at which time defense counsel informed the court of his intention to move to dismiss the matter on speedy trial grounds. The court set a hearing on the motion to dismiss for January 9, 2015 and scheduled a final pre-trial conference on February 3, 2015, in anticipation of a jury trial on February 17, 2015.
DISCUSSION
Mass.R.Crim.P. 36(b)(1)(C) provides that “[a] defendant, except as provided by subdivision (d)(3) of this rule![1]], shall be brought to trial within the following time periods, as extended by subdivision (b)(2) of this rule:... (D) If a retrial of the defendant is ordered, the trial shall commence within one year after the date the action occasioning the retrial becomes final, as extended by subdivision (b)(2) of this rule.” The final sentence of Mass.RCrim.P. 36(b) states: “If a defendant is not brought to trial within the time limits of this subdivision, as extended by subdivision (b)(2), he shall be entitled upon motion to a dismissal of the charges.”
Mass.RCrim.P. 36(b)(2) excludes certain periods from the calculation. Clause (F) excludes “(a]ny period of delay resulting from a continuance granted by ajudge on his own motion or at the request of the defendant or his counsel or at the request of the prosecutor, if the judge granted the continuance on the basis of his findings that the ends of justice served by taking such action outweighed the best interests of the public and the defendant in a speedy trial.” Clause (F) specifically states that “[n]o period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subdivision unless the judge sets forth in the record of the case, either orally or in writing, his reasons for finding that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.” The Reporters Notes observe: “It is implicit that (b)(2)(F) does not countenance an after-the-fact appraisal of the causes of delay by a reviewing court; in order to be excluded, the delay must have been the subject of a formal continuance.”
Here, the only excludable period after the new trial allowance became final was the 8 days of continuance requested by the defense from November 12 to November 19, 2014, plus the time resulting from the present Motion, first raised orally on November 19, 2014. There was no request for a continuance — and no finding that the ends of justice required any period of delay due to a *584 continuance — after July 21, 2012 until November 12, 2014. By that time, the one-year period allowed by Rule 36 had already expired. The court may not conduct an “after the fact” evaluation of the reasons for the delay, even if characterized as a continuance." Moreover, even if it had the power to entertain such an argument, there is no credible basis for concluding that the ends of justice required continuing the trial to a date more than one year after July 21, 2012.
Excluding the 8 days of continuance requested by the defense, there are 782 days of includable time under Rule 26 from July 21, 2012 to November 19, 2014. Because that period exceeds the one year allowable under Rule 36(b), the Defendant is “entitled upon motion to a dismissal of the charges.”
The Rule 36 violation affects not only the Trafficking count, on which he was granted a new trial, but also the conspiracy count. Mass.R.Crim.P. 36(e) states that “[a] dismissal of any charge ordered pursuant to any provision of this rule shall apply to all related offenses.” Based upon the Commonwealth’s statement of the case, the conspiracy count appears to derive from the same incident as the trafficking count. Moreover, while Mass.R.Crim.P. 36(2)(A)(iii) excludes “delay resulting from a trial with respect to other charges against the defendant” the exclusion only “run[s] from the commencement of such other trial until fourteen days after an acquittal or imposition of sentence...” Any exclusion under that provision thus expired on October 24, 2008 (fourteen days after sentencing on October 10, 2008).
CONCLUSION
For the above reasons, the Defendant’s Motion to Dismiss (Rule 36 Speedy Trial Violation) is ALLOWED. Both indictments are dismissed under Mass.RCrim.P. 36.

 The exception pertains to persons detained outside the Commonwealth and therefore does not apply here.